## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| *In re:* | ) | |
| | ) | |
| EUGENE ALLEN GREGORY | ) | CHAPTER 7 |
|     SSN:  XXX-XX-9283 | ) | CASE NO.  10-35903-MER |
| DENISE MARYANNE BLODIG | ) | |
|     SSN:  XXX-XX-9608 | ) | |
| | ) | |
|        *Debtors,* | ) | |
| | ) | |
| ROSE BROMBERG, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding |
| | ) | |
| EUGENE ALLEN GREGORY and | ) | No. _____ |
| DENISE MARYANNE BLODIG, | ) | |
| | ) | |
|     Defendants. | ) | |

_____

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
_____

COMES NOW, Rose Bromberg ("Ms. Bromberg"), by and through her attorneys Kevin L. Ehlers of Watrous, Ehlers, Mielke & Goodwin, LLP, and Richard G. Olona of Olona & Associates, P.C., and files this Complaint to Determine Dischargeability of Debt.  In support of this Complaint, Ms. Bromberg states:

### <u>JURISDICTION</u>

1.    Plaintiff Ms. Bromberg is an individual over the age of eighteen years d/b/a Lotus, Ltd., residing at 150 South Fraser Circle, Aurora, Colorado 80012 and is a creditor of the Debtors/Defendants herein, Eugene Allen Gregory ("Mr. Gregory") and Denise Maryann Blodig ("Ms. Blodig").

2.     This adversary proceeding is brought in connection with Mr. Gregory and Ms. Blodig's case filed under Chapter 7, of Title 11, Case No. 10-35903-MER, now pending in this Court.  The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 523.

3.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(i) and  28 U.S.C. § 157(b)(2)(j).

## GENERAL FACTUAL ALLEGATIONS

4.     On or about May 27, 2005, Defendants Mr. Gregory and Ms. Blodig (the "Debtors") entered into a Promissory Note ("Note") and an Irrevocable Loan Agreement ("ILA") with Plaintiff Ms. Bromberg d/b/a Lotus, Ltd. wherein the Debtors agreed to pay Ms. Bromberg the principal sum of Three Hundred Sixty-One Thousand One Hundred Thirty-Four Dollars and Six Cents ($361,134.06).

5.     Pursuant to the Note and ILA, the Debtors represented to Ms. Bromberg that she would be repaid from proceeds received by the Debtors from the sale of lots at the Preserve at Deerfield, a development in Franktown, Colorado, in which the Debtors held a 50% interest (the "Proceeds").  The ILA provides, in part:

> The aggregate debt owed and transferred is $361,134.06 (three hundred sixty one thousand one hundred thirty four 06/100 dollars) U.S. currency for a term of not more than one year from the date of this agreement.
> Defendants Mr. Gregory and Ms. Blodig are 50 % owners of Sandy Hollow Development Co. LLC.  All payments will be made to Lotus Ltd. within seven days of Gene Gregory and Denise Blodig receiving 50% of net proceeds resulting from the sale of lot(s) sold at Preserve at Deerfield located at 10564 Deerfield Road, Franktown, Colorado 80116 (TR IN NE ¼ 17-8-65 105.00 AM/L TR in SE1/4 8-8-65 35.00 AM/L CP 0245622, 0038957, 0331795) until all debt to Lotus, Ltd is paid in full in U.S. dollars only.

2

6.      At the time the Debtors entered into the Note and ILA with Ms. Bromberg, they failed to disclose to Ms. Bromberg that they (the Debtors) had already pledged the same Proceeds to the repayment of loans held by one or more financial institutions.  The Debtors also failed to disclose to Ms. Bromberg that the loans to the financial institution(s) would be paid before any payments would be made on the Note.

7.      Upon information and belief, and based on the testimony of Mr. Gregory at the Rule 341 Creditors meeting, at the time the Debtors entered into the Note and ILA with Ms. Bromberg, they failed to disclose to Ms. Bromberg that they (the Debtors) had already pledged the same Proceeds to the repayment of loans held by one or more third parties.

8.      Upon information and belief, and based on the testimony of Mr. Gregory at the Rule 341 Creditors meeting, the Debtors secured additional loans from third parties and pledged to repay those third party loans with the same Proceeds which had already been pledged to repayment of the loans to the financial institutions, other third parties and Ms. Bromberg.

9.      The foregoing actions of the Debtors constitute deceit based on fraud in that:

    a.  The Debtors made a false representation of a past or present fact.
    b.  The fact was material.
    c.  At the time the representation was made, the Debtors knew the representation was false.
    d.  The Debtors made the representation with the intent that Ms. Bromberg would rely on the representation.
    e.  Ms. Bromberg relied on the representation.
    f.  Ms. Bromberg's reliance was justified.
    g.  Ms. Bromberg's reliance caused her to sustain damages.

10.     The foregoing actions of the Debtors constitute concealment in that:

    a.  The Debtors concealed a past or present fact.
    b.  The fact was material.
    c.  The Debtors concealed it with the intent of creating a false impression of the actual facts in the mind of Ms. Bromberg.
    d.  The Debtors concealed the fact with the intent that Ms. Bromberg take a course of action she might not take if she knew the actual facts.
    e.  Ms. Bromberg took such action or decided not to act relying on the assumption that the concealed fact did not exist or was different from what it actually was.
    f.  Ms. Bromberg's reliance was justified.
    g.  Ms. Bromberg's reliance caused her to sustain damages.

11.     Despite repeated demand, the Debtors failed to pay Ms. Bromberg as agreed. Upon information and belief, and based upon the testimony of Mr. Gregory at the Rule 341 creditors meeting, the Debtors either retained the Proceeds or utilized the Proceeds to repay loans to the financial institutions or other third parties.

12.     Thee amount due Ms. Bromberg under the Note and ILA is no less than $663,206.98.

## <u>CLAIM FOR RELIEF</u>
### <u>11 U.S.C. (523(a)(2)</u>

13.     Plaintiff incorporates by reference as though fully set forth herein all other paragraphs of this Complaint.

14.     The Debtors represented to Ms. Bromberg that the Note would be repaid with the Proceeds and failed to disclose that the Proceeds had already been pledged by the Debtors to the repayment of other loans to financial institutions and other third parties.   The Debtors failed to disclose that the other loans they had obtained would be paid before payment of the Note.

4

15.   The debt owed by the Debtors to Ms. Bromberg was for money, property, services, or an extension, renewal, or refinancing of credit and was obtained by Debtors through false pretenses, a false representation and/or actual fraud.

16.   The debt owed by the Debtors to Ms. Bromberg is non-dischargeable under 11 U.S.C. § 523(a)(2).

WHEREFORE, for the foregoing reasons, Ms. Bromberg respectfully requests this Court to enter judgment in her favor and against the Defendants Eugene Gregory and Denise Blodig in an amount to be proven at trial, but no less than $663,206.98, and to determine that said judgment is non-dischargeable.  Ms. Bromberg also requests an award of her costs, attorneys fees, interest, and all other relief the Court deems appropriate.


Respectfully submitted this 6th day of January, 2011.


WATROUS EHLERS MIELKE                    OLONA & ASSOCIATES, P.C.
& GOODWIN, LLP


/s/ Kevin L. Ehlers                              /s/ Richard G. Olona
Kevin L. Ehlers                                  Richard G. Olona
7472 S. Shaffer Lane, Suite 100                  7472 S. Shaffer Lane, Suite 130
Littleton, Colorado 80127                        Littleton, Colorado 80127
(303) 932-1222                                   (303) 433-1699
(303) 932-8222 (f)                               (303) 433-1614 (f)
ehlers@wemglaw.com                               olonalaw@aol.com